**In the Interest of L.P., P.P., R.P., R.P., and T.P., Children,**

**M.P., Mother, Appellant.**

**No. 84–866.**

Court of Appeals of Iowa.

April 30, 1985.

clause where the will clearly indicated testator's intent and the omission could be implied there-from.

Terry W. Guinan, Fort Dodge, Iowa, for appellant mother.

Kurt S. Stoebe, Humboldt, Iowa, guardian ad litem.

Thomas J. Miller, Atty. Gen., and Charles K. Phillips, Asst. Atty. Gen., for appellee State.

Heard by OXBERGER, C.J., and SCHLEGEL, and HAYDEN, JJ.

HAYDEN, Judge.

M.P., mother of five children, appeals from the juvenile court order terminating her parental rights. The juvenile court relied on Iowa Code section 232.116(5) (1983), which permits termination when the court finds that:

a. The child has been adjudicated a child in need of assistance pursuant to section 232.96; and

b. The custody of the child has been transferred from his or her parents for placement pursuant to section 232.102 for at least twelve months; and

c. There is clear and convincing evidence that the child cannot be returned to the custody of his or her parents as provided in section 232.102.

The children affected in this action are: P.P., born August 25, 1971; R.P. and R.P., born December 17, 1974; and T.P., born May 19, 1977. The other child, L.P., born May 16, 1969, was the product of rape and the father is unknown. The father of four of the children consented to termination of his parental rights.

The evidence in this case is overwhelming and involves parental conduct and home conditions so abhorrent and reprehensible that we refrain from repeating them at length. Suffice it to say that there was a wealth of evidence of neglect, failure to provide adequate food and shelter, and repeated sexual abuse by two of the mother's three successive husbands.

M.P. claims the termination of her parental rights was improper for four reasons: (1) the children were never placed outside the mother's home for a period of twelve months under a valid order as required by Iowa Code section 232.116(5) (1983); (2) the Department of Human Services did not attempt to reunite her with her children as required by Iowa Code section 232.102(5) (Supp.1983); (3) the juvenile court was not presented with clear and convincing evidence that the children could not be returned home within the meaning of sections 232.102 and 232.2(5) of the Iowa Code (Supp.1983); and (4) termination was improper under Iowa Code section 232.-116(6)(b) and (c) (1983).

■ Our review of proceedings to terminate parent-child relationships is de novo. *In the Interest of W.G.,* 349 N.W.2d 487, 491 (Iowa 1984); *In the Interest of Dameron,* 306 N.W.2d 743, 745 (Iowa 1981). We accord weight to the fact findings of the juvenile court, especially when considering the credibility of the witnesses whom that court heard and observed firsthand, but we are not bound by them. *W.G.,* 349 N.W.2d at 491–92; *Dameron,* 306 N.W.2d at 745.

## I.

The juvenile court may terminate parental rights pursuant to Iowa Code section 232.116(5) (1983) provided, *inter alia*, that "[t]he custody of the child has been transferred from his or her parents for placement pursuant to section 232.102 for at least twelve months...." Iowa Code § 232.116(5)(b) (1983). Regarding the duration of placement before review hearing, Iowa Code section 232.102(6) (Supp.1983) provides in relevant part:

The duration of any placement made after an order pursuant to this section shall be for an initial period of six months. At the expiration of that period, the court shall hold a hearing and review the placement in order to determine whether the child should be returned home, an extension of the placement should be made, or a termination of the parental-child relationship proceeding should be instituted.

M.P. claims that her children were never placed outside of her home for a twelve-month period pursuant to a valid order requires us to trace the relevant chronology of hearings and orders. A CHINA petition was filed on June 15, 1982, which resulted in a July 22, 1982 order of adjudication directing that legal custody of the children be transferred to the Iowa Department of Social Services for placement in the mother's home. Information regarding sexual abuse of the children prompted the Humboldt County Attorney, Robert E. Lee, to apply for a review hearing, which was held on September 29, 1982. Consequently, on October 1, 1982, the juvenile court ordered that the children be removed from the mother's home for placement in foster homes. On April 4, 1983, an order on review hearing provided that the children would remain in foster care. Another review order, issued September 7, 1983, again extended the children's foster care. This time, however, the court ordered that the county attorney was authorized to file a petition for termination of parental rights pursuant to section 232.111 of the Iowa Code. A petition for termination of parental rights was filed on October 10, 1983, and was granted on April 11, 1984.

M.P. argues that the twelve-month period of foster care, arising from an invalid placement order, cannot serve as a basis for a termination of parental rights. She asserts that the October 1, 1982 order placing the children in foster homes was invalid for principally three reasons: (1) the September 29, 1982 review hearing should never have been held because the court had no jurisdiction to hold such a hearing less than six months after the initial placement order made in the July 22, 1982 CHINA adjudication; (2) the October 1, 1982 order violated section 232.102(6) (Supp.1983) in that it transferred placement of the children to a new party; and (3) the October 1, 1982 order constituted a modification of the initial placement order, but did not arise out of a modification hearing.

■ There is no question that a transfer of placement to a new party is not allowed following a review hearing. Iowa Code § 232.102(6) (Supp.1983). However, we do not believe the transfer in this case should defeat the termination of parental rights. Reexamination of the order at this late date would violate the long-standing proposition that the status of children is to "be fixed as quickly as possible" and "thereafter disturbed as little as possible, and then only for the most congent reasons." *In the Interest of Leehey*, 317 N.W.2d 513, 516 (Iowa Ct.App.1982), quoting *Halstead v. Halstead*, 259 Iowa 526, 531, 144 N.W.2d 861, 864 (1966). M.P. could have taken a direct appeal of the improper transfer order, as the natural mother did in *Leehey*, 317 N.W.2d at 514, but, instead, she allowed the transfer order to stand for over a year. Under the circumstances of this case, a faulty transfer order does not justify reversing the termination and harming the children by allowing their futures to remain unsettled for another year or longer.

## II.

■ M.P. argues there was no attempt to reunite her with her children as required

by Iowa Code section 232.102(5) (Supp. 1983). Specifically, she asserts that the court in its removal order did not prescribe the means by which the placement would be monitored, and that the Department of Human Services neither submitted to the court a specific plan for placement of the children nor made every effort to return the children to her. Iowa Code § 232.-102(5) (Supp.1983).

We cannot accept these arguments. Regarding the prescribed monitoring procedures, the October 1, 1982 removal order directed that legal custody of the children would continue with the Iowa Department of Social Services for placement in a foster home and that the children would be promptly evaluated by the Mental Health Center of North Iowa in Mason City, Iowa. Marilyn's assertions of noncompliance with the monitoring requirement here essentially amounts to nothing more than a complaint that the juvenile court did not specify in its removal order that it would read the reports and evaluations of the social workers and the Mental Health Center. The review of such reports is presumed in the scheme of review hearings as provided in section 232.102(6). Furthermore, the April 4, 1983 and the September 7, 1983 review orders contained explicit language regarding monitoring: "IT IS FURTHER ORDERED that this matter continue under the jurisdiction of this Court and the supervision of the Humboldt County Department of [Human] Services; and that it come on for review before this Court upon further Order of this Court."

Nor can we accept the contention that the Department of Human Services did not submit a specific case plan to the court and make every effort to reunite Marilyn with her children. To the contrary, the Department submitted two case plans, one dated January 6, 1983 and the other May 19, 1983, and each contained M.P.'s signature and her indication that she understood it. Both plans set forth several responsibilities for M.P. to assume so that her children could be returned to her. Furthermore, Marilyn was given explicit corrective directions as early as January 6, 1983.

Therefore, she was fairly apprised of what was expected of her and was given sufficient time to rectify her problems.

### III.

■ The first two grounds for termination under section 232.116(5) have clearly been met in that the children have been adjudicated CHINA and have been placed outside of the mother's home for at least twelve months. The remaining question here is whether there is clear and convincing evidence that the children cannot be returned to their mother as provided in section 232.102. Iowa Code § 232.116(5)(c). Section 232.102 provides that the children cannot be returned home if there is clear and convincing evidence that, in returning, the children would suffer harm which would justify adjudicating them as Children-in-Need-of-Assistance. Iowa Code § 232.102(3)(b) (Supp.1983). Children may be adjudicated CHINA when they have been sexually abused by a member of the household, or are imminently likely to suffer harmful effects resulting in the parent's inability to properly supervise them, or when they have not been provided adequate food, clothing, or shelter. Iowa Code § 232.2(5)(c), (d), (g) (Supp.1983). These were the grounds alleged in the petition for termination and, contrary to M.P.'s assertion, we find that there was clear and convincing evidence that the children could not be returned home. Accordingly, termination of parental rights was proper under section 232.116(5).

### IV.

Section 232.116(6) provides that the court need not terminate the parent-child relationship, even when termination would otherwise be proper, if the court finds:

b. The child is over ten years of age and objects to such termination; or

c. There is clear and convincing evidence that such termination would be detrimental to the child at the time due to the closeness of the parent-child relationship[.]

Iowa Code § 232.116(6)(b), (c) (1983). M.P. argues that section 232.116(6) "mandates" against termination in this case. She asserts that there is no evidence that the children consented to termination and that there is clear and convincing evidence, based on the testimony and reports of several expert witnesses, that the children would be harmed by termination because of their close relationship with their mother.

■ We reject these arguments. Her claim that section 232.116(6) "mandates" against termination misstates the law. That section merely provides that "the court need not terminate" if it makes any of the findings therein specified. Iowa Code § 232.116(6) (1983). The court is no more mandated to decline termination under subsection (6) than it is mandated to choose termination under subsection (5).

■ A child's objection to termination is considered under section 232.116(6) only if the child is over ten years of age. Iowa Code § 232.116(6)(b) (1983). Only two of the five children involved in this case were over the age of 10 at the time of termination; they were L.P., age 14, and P.P., age 12. Of these two children, only P.P. has expressed a desire to be returned to her mother. However, since there was overwhelming evidence that it was not in the best interests of the children to remain in M.P.'s home, the court was justified in ordering termination, even as to P.P. The best interests of the child are the central determination in termination proceedings, *see In the Interest of Dameron,* 306 N.W.2d 743, 745 (Iowa 1981), and we know of no authority for the proposition that a child's wishes take precedence over his or her best interests in these matters.

Furthermore, we find little support for M.P.'s argument that, pursuant to section 232.116(6)(c), termination should not be ordered because there is clear and convincing evidence that termination would harm the children due to the closeness of the parent-child relationship. In making this contention, she cites the testimony and reports of several expert witnesses who presented the court with evidence which in large part directly contradicted her argument.

We find that termination of the parent-child relationship was proper under section 232.116(5) and (6) and, accordingly, we affirm the juvenile court's decision.

AFFIRMED.