**In the Interest of V.M.K., A Minor Child.**

**Appeal of L.K., Natural Mother.**

**No. 90–23.**

Court of Appeals of Iowa.

June 26, 1990.

Paul D. Healey of Healey & Peters, Dubuque, for appellant, mother.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Charles K. Phillips, Asst. Atty. Gen., for appellee, State.

Considered by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

A baby boy (V.M.K.) was born May 3, 1988. At the time of birth, the mother (L.K.) was under a civil commitment and was in the Julien Care Facility, Dubuque, Iowa. The child was placed in foster care immediately after his birth and has been in foster care continually since that time. He was also adjudicated to be a child in need of assistance shortly after his birth. The child's father suffers from brain damage caused by an injury. He acknowledges he is incapable of caring for the child. He consented to termination of his parental rights. Both parents were present at the termination hearing.

The juvenile referee terminated the parental rights of both the natural mother and father. Custody and guardianship of the child was placed with the Department of Human Services (DHS) for purposes of adoption. The mother appeals; the father does not.

The sole issue the mother claims on appeal is: the referee failed to consider her commitment status as a reason for not terminating her parental relationship with the child. We affirm.

The principles governing our review of this appeal are:

Several previously enunciated principles have served to guide our examination of the record before us. Appellate review of the proceedings to terminate a parent-child relationship is de novo; thus "it is our duty to review the facts as well as the law and adjudicate rights anew on those propositions properly preserved and presented to us." We accord weight to the fact findings of the juvenile court, especially when considering the credibility of the witnesses whom the court heard and observed firsthand, but we are not bound by those findings.

Central to a determination of this nature are the best interests of the child. In this connection we look to the child's long range as well as immediate interest. Hence, we necessarily consider what the future likely holds for the child if returned to his or her parents. Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care that parent is capable of providing.

In Interest of A.C., 415 N.W.2d 609, 613 (Iowa 1987) (citations omitted).

In August 1989, the State filed a petition to terminate the parental rights of both parents. The State relied on Iowa Code section 232.116(1)(g). That recently-enacted subsection permits termination when the juvenile court finds all of the following facts:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The custody of the child has been transferred from the child's parents for placement pursuant to section 232.102 for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother does not challenge the sufficiency of the evidence to warrant termination. Rather, she contends the juvenile court should have avoided termination under Iowa Code section 232.116(3)(e). The relevant portions of that statute are:

3. The court need not terminate the relationship between the parent and child if the court finds any of the following:

\* \* \* \* \* \*

e. The absence of a parent is due to the parent's admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces.

We observe the mother had been civilly committed to the mental health facility because she was unable to cope with independent living. The mother has resided in the mental health facility for most of the child's life. She has had supervised visitation, but has never had the child in her custody. She suffers from mild mental retardation, severe alcohol abuse, a personality disorder, and diabetes. The evidence shows she has extremely poor judgment in social situations. She has permitted men to sexually abuse her on repeated occasions and she has an extremely short attention span. A doctor testified that she can think only in concrete or literal terms and is unable to conceptualize well enough to make plans for the future. She has difficulty in maintaining her own personal hygiene. She is only marginally capable of independent living and is unable to care for a child.

▮ Our review of the record before us does not reveal the matter of the mother's commitment in the mental health facility was ever brought before the referee to rule on. The mother did not raise this issue before the juvenile court; therefore, we need not consider it on appeal. Even issues of constitutional magnitude will not be addressed by this court if not presented in the trial court. *In Interest of L.K.S.*, 451 N.W.2d 819, 822 (Iowa 1990). Appellant has waived this issue on appeal. However, we address the issue as it is important and may arise again in other termination proceedings.

▮ We observe Iowa Code section 232.-116(3) does not require the juvenile court make specific findings to this section. It is in the Code to provide guidance. It merely provides "the court need not terminate *if it makes any of the findings* therein specified" (emphasis ours). *In Interest of L.P.*, 370 N.W.2d 839, 843 (Iowa App.1985). In the instant case, the court terminated rather than refused to terminate appellant's parental rights. In the event the juvenile court relied upon any one of the grounds enunciated in Iowa Code section 232.116(3) to *not* terminate the child-parent relationship, then the court should make appropriate findings accordingly. The juvenile court did not err in not making a specific finding as to the mother's mental health commitment.

▮ The juvenile court terminated the mother's parental rights for the reason the mother has demonstrated on a consistent basis she is unable to care for her child on a daily basis. In addition, she has demonstrated she is unable to act on suggestions made to her by social workers and others whose purpose is to teach her how to care for her child. The mother has the intellectual capacity to act as a parent to V.M.K. but is unwilling or unable as a result of her substance abuse difficulties to adequately care for the child. Upon our de novo review of the record before us, we conclude the facts support the juvenile court's reasons. They are sufficient to terminate the mother-child relationship, and we adopt them as our own.

The order of termination is affirmed.

AFFIRMED.