## IN THE COURT OF APPEALS OF IOWA

No. 16-0112
Filed March 9, 2016

**IN THE INTEREST OF J.S. AND A.S.,**
**Minor Children,**

**B.S., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.


The mother appeals from an order terminating her parental rights in two children. **AFFIRMED.**


Nicole S. Facio of Newbrough Law Firm, Ames, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Christopher A. Clausen, Ames, attorney for minor child A.S.

Patrick C. Peters of Payer, Hunziker, Rhodes & Peters, L.L.P., Ames, attorney for minor child J.S.

Matthew A. Mauk of Mauk Law Office, Ames, guardian ad litem for minor children.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Brenda appeals the order terminating her parental rights in her two children, A.S. and J.S., ages fourteen and twelve, respectively. At the time of the termination hearing, Brenda was incarcerated. On appeal, Brenda contends the juvenile court should not have terminated her parental rights because of the strength of the parent-child bond and because the children objected to the termination of parental rights.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We will uphold an order terminating parental rights only if there is clear and convincing evidence establishing the statutory grounds for termination of the parent's rights. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence. *Id.*

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) (2015) has been established. *See id.* at 40. Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *See id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section

232.116(3) should serve to preclude termination. *See id.* at 41. The "exceptions" to the termination provision are permissive and not mandatory. *See A.M.*, 843 N.W.2d at 113. "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

This case commenced in May 2013 when Brenda was arrested, convicted, and placed on probation in a residential treatment facility. The children were placed with persons believed to be relatives. Since the initial placement, the children have been placed into several other foster care placements for a variety of reasons not material to the disposition of this appeal. At the time of the termination hearing, the children were in a pre-adoptive home. At no point during the pendency of this case were the children returned to the care of the mother.

There were several barriers to reunification. Brenda's progress in the residential treatment facility was extremely slow. She failed to work toward independence. She failed to obtain suitable housing or income security for the children. Brenda continued to have unhealthy adult relationships. She involved the children in unhealthy or inappropriate adult matters. Brenda failed to create and maintain a proper parent-child relationship with the children; in particular, the children became "parentified" by trying to solve their mother's housing, food, and income needs. She introduced the children to men during her visitations with them. She also showed the children sexualized or sexually explicit material on social media.

This case came to a head in May 2015. A.S. admitted Brenda used her to steal several items of value from the Youth and Shelter Services office. Brenda was convicted of using a juvenile to commit an indictable offense, in violation of Iowa Code section 709A.6, and sentenced to an indeterminate term of incarceration not to exceed ten years. At the time of the termination hearing, she remained incarcerated with a formal discharge date of December 2019.

Brenda first contends the court should not have terminated her parental rights due to the strength of the parent-child bond. Iowa Code section 232.116(3)(c) provides the court need not terminate the parent-child relationship if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Our consideration is not merely whether there is a parent-child bond, "our consideration must center on whether the child would be disadvantaged by termination, and whether the disadvantage overcomes" the parent's inability to provide for the child's developing needs. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010).

There is not clear and convincing evidence the termination of Brenda's rights would disadvantage the children. First, there is not a strong parent-child relationship with the children. The children are both over ten years of age. Throughout most of their lives, however, Brenda has been in and out of jail and prison and unavailable to parent them. Brenda is a career offender. Her criminal history extends back to 1992. She has been convicted of theft on numerous occasions, tampering with records, domestic abuse assault on at least two occasions, burglary on four different occasions, and ongoing criminal conduct.

She was incarcerated from 2008 until 2013 and only had care of the children for several months in 2013 prior to them being removed and this case being initiated. In short, this family has not resided together for any substantial period of time. Second, to the extent there is a bond, it is an inappropriate one. The children appear to be in the parental role, providing support to Brenda. Brenda uses the children for her own purposes. For example, Brenda had the children research apartments for her to find a place to live. On other occasions, the children had to pay for lunch during visitation because Brenda had no money. In her most recent offense giving rise to her incarceration, she used one of the children to perpetrate the theft. Third, termination of Brenda's rights would be beneficial to the children. It would remove them from the toxic environment of instability, danger, and lawlessness created by Brenda's ongoing criminal activity. The children are in need of stability the mother admittedly cannot provide now or in the immediate or intermediate future. Considering the children's long- and short-term best interests and any detriment to the children from severing the parent-child relationship, we conclude this discretionary exception should not serve to preclude termination under the circumstances before us.

Brenda next contends her parental rights should not be terminated because the children objected to the termination. Section 232.116(3)(b) allows the juvenile court not to terminate when "[t]he child is over ten years of age and the child objects to the termination." This exception does not favor preserving the parent-child relationship under the circumstances presented. First, the mother manipulates the children by promising them things she cannot deliver—

the promise of quick release from prison and the hope for immediate reunification. Second, the mother has not been available for most of the children's lives, and there is little likelihood she could be available in the immediate future. The children's yearning for reunification does not tilt the balance away from termination. *See In re E.C.*, No. 14-0754, 2014 WL 3513336, at *4 (Iowa Ct. App. July 16, 2014) (affirming termination where older children objected to termination but the guardian ad litem supported termination and where mother's substance abuse precluded her ability to care for the children). The termination of the mother's rights is in these children's best interest. *See In re L.P.*, 370 N.W.2d 839, 843 (Iowa Ct. App. 1985); *In re D.S.*, No. 11-1194, 2011 WL 5868234, at *4 (Iowa Ct. App. Nov. 23, 2011).

**AFFIRMED.**