**IN THE COURT OF APPEALS OF IOWA**

No. 19-1422
Filed November 27, 2019

**IN THE INTEREST OF A.H.,**
**Minor Child,**

**A.H., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

　　　A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

　　　Jean Capdevila, Davenport, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Anagha Dixit (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

　　　Barbara E. Maness, Davenport, attorney and guardian ad litem for minor child.

　　　Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

This case is about A.H., who was born in April 2007.  In January 2017, the Iowa Department of Human Services (DHS) took notice of A.H.'s mother.  DHS had received concerns the mother was under the influence of drugs while caring for her children, including A.H.[1]  Later, A.H. reported she had witnessed the mother smoking from a tube.  In January 2018, A.H. was removed from the mother's custody and placed in the care of her paternal aunt.

Throughout the pendency of this case, the mother struggled with substance-abuse and mental-health issues.  Despite recommendations from DHS and the juvenile court, the mother made little effort to pursue treatment.  She also refused to take drug tests.  But, in May 2019, the mother tested positive for hydrocodone, methamphetamine, and amphetamine when she gave birth to her youngest child.

The mother also failed to maintain consistent visitation with A.H.  During 2019, the mother attended twelve out of twenty-nine offered visits.  Of those twelve visits, seven ended early for unknown reasons.

In January 2019, the State petitioned for termination.  Following the October 2019 hearing, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(d) and (e) (2019).[2]  She now appeals.

Our review is de novo.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  We generally use a three-step analysis to review the termination of a parent's rights.

---

[1] While the mother does have four other children, only one is the subject of this appeal. The mother's parental rights to her other children are not at issue.  We limit the scope of our review to the facts and issues pertaining to A.H.

[2] The juvenile court also terminated the father's rights under Iowa Code section 232.116(1)(d) and (e).  But the father does not appeal.

*In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine: (1) whether a ground for termination has been established, (2) whether termination is in the child's best interest, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73.

The mother concedes the grounds for termination were established. She contends, however, the juvenile court wrongly determined termination was in A.H.'s best interest. She also argues the juvenile court should have opted for a guardianship. She claims "[t]he State presented no evidence to suggest that the child having an ongoing relationship with her mother was not in her best interest, other than the routine need for permanency."

We first note "a guardianship is not a legally preferable alternative to termination." *Id.* at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). Also, the child's need for permanency is one of the "defining elements" in our best-interests analysis. *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

Moreover, the issue here is not merely whether A.H. should have some kind of "ongoing relationship" with the mother. Rather, the question is whether termination of the parental relationship is in A.H.'s best interest. Like the juvenile court, we conclude it is. The mother's uncontrolled substance-abuse and mental-health issues have prevented her from serving as a safe and stable parent. In contrast, A.H. has thrived in her paternal aunt's care. And A.H. has made it clear that, although she loves her mother, she does not want to live with her. Instead, she wants to continue living with her aunt. Although a child's opinions do not control our best-interest analysis, we do take them into consideration. *See In re*

*N.S.*, No. 19-0533, 2019 WL 2375252, at *2 (Iowa Ct. App. June 5, 2019) (noting the child expressed a "strong desire" to not return to her father's care and finding "the emotional well-being of the child militated against reunification"); *see also* Iowa Code § 232.116(2)(b)(2) (noting the court shall consider a child's preference between a parent and foster family "if the court determines that the child has sufficient capacity to express a reasonable preference"); *id.* § 232.116(3)(b) (noting the court may forgo termination on the objection of the child if the child is older than ten years old). *But see In re L.P.*, 370 N.W.2d 839, 843 (Iowa Ct. App. 1985) ("The best interests of the child are the central determination in termination proceedings . . . and we know of no authority for the proposition that a child's wishes take precedence over his or her best interests in these matters.").

The mother also notes that "[o]ne of the very specific exceptions to the need to terminate parental rights occurs when children are placed with a relative or family member." She cites no authority to support this assertion. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). We infer, though, the mother is relying on section 232.116(3)(a). But it cannot apply because no relative has "legal custody" of A.H. *See In re B.W.*, No. 19-0602, 2019 WL 2375255, at *4 (Iowa Ct. App. June 5, 2019) (declining to apply section 232.116(3)(a) because child remained in DHS's legal custody while placed in a relative's physical care).

The juvenile court was correct in terminating the mother's parental rights.

**AFFIRMED.**