## IN THE COURT OF APPEALS OF IOWA

No. 15-0072
Filed March 25, 2015

**IN THE INTEREST OF J.T. and R.T.,**
    **Minor Children,**

**J.T., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Joseph Seidlin, District Associate Judge.


A father appeals from termination of his parental rights.  **AFFIRMED.**


Alexander Smith of Burdette Law Firm, P.C., Clive, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Amanda Johnson, Assistant County Attorney, for appellee.

H. Richard Webster of Rich Webster Law Firm, P.L.C., West Des Moines, for mother.

Michelle R. Saveraid of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.


Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

The father appeals from termination of his parental rights to two children. He contends the juvenile court should have applied the statutory exceptions under Iowa Code section 232.116(3)(a) and (c) (2013) to prevent termination.[1] We affirm.

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but are not bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Our primary consideration is the best interest of the child. *Id.* at 776.

These children first came to the juvenile court's attention in December 2013 when the mother left one-year-old J.T. at home alone while she went to the store. She was high on K2 and got into a car accident. She was pregnant with R.T. at the time but gave birth shortly thereafter. The State filed a petition to adjudicate the children in need of assistance, and the court removed them from the mother in February 2014 and placed them with the maternal grandmother. The father has been incarcerated since September 2013 on federal weapons charges and will be serving fifteen years in federal prison. The father has a long history of drug selling and use, domestic violence, and incarceration. His primary contact with the children since his incarceration has been through telephone calls and letters. The juvenile court terminated his parental rights to both children

---

[1] The mother's rights were also terminated. She appealed, and this court affirmed the termination. *See In re J.T. and R.T.*, No. 14-1810, 2015 WL 582058, at *3 (Iowa Ct. App. Feb. 11, 2015).

pursuant to Iowa Code section 232.116(1)(d), (h), and (j). The children have remained with the maternal grandmother since February 2014. The record shows the children are thriving in her care. She is seeing to their medical and developmental needs.

The father contends the juvenile court should have applied the statutory exceptions under section 232.116(3)(a) and (c) to prevent termination. The factors in section 232.116(3) are permissive, not mandatory. *In re A.J.*, 553 N.W.2d 909, 916 (Iowa Ct. App. 1996), overruled on other grounds by *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). It is in the court's discretion, based upon the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section. *Id.*

Iowa Code section 232.116(3)(c) provides, "The court need not terminate the relationship between the parent and child if the court finds" that "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The father argues he maintained contact with the children by phone and letters and termination would cause a painful separation. However, the father, by not appealing them, concedes the statutory grounds have been met for termination under Iowa Code section 232.116(1)(d), (h), and (j). Therefore, he concedes the children cannot be returned to his custody because of the risk of harm[2] and that he is going to prison and is unlikely to be released for a period of five or more

---

[2] *See* Iowa Code § 232.116(1)(h).

years.[3] His in-person contact with the children over the last year has been minimal, with most contact occurring over the phone and through letters. The children are both under two years old, so the letters are unlikely to assist in sustaining a bond between them. The maternal grandmother testified the older child carries on what conversation she can with the father over the telephone considering she is less than two years old. The maternal grandmother also testified that there was some degree of a relationship but not a strong one, and what bond there is will not last through the father's incarceration. On our review of the record, we conclude there is little bond to speak of between the father and these children. He has been in prison R.T.'s entire life. He has had very limited contact with both children for more than a year. There is nothing to suggest the children would suffer harm due to the court severing the parent-child relationship.

Iowa Code section 232.116(3)(a) provides, "The court need not terminate the relationship between the parent and child if . . . a relative has legal custody of the child." The father contends the court need not terminate his rights because the children are with the maternal grandmother. The State concedes the children are in the custody of a relative but maintains this is not sufficient reason to apply the exception to prevent termination. Our legislature has constructed a timeframe to balance a parent's efforts to resume care of a child in need of assistance and the child's long-term best interests. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). The juvenile court found the length of this case has exceeded that timeframe. *See* Iowa Code § 232.116(1)(h). Children cannot continuously

---

[3] *See* Iowa Code § 232.116(1)(j).

wait for a stable biological parent, particularly at such tender ages as these children.  *D.W.*, 791 N.W.2d at 707.  The father is serving a fifteen-year sentence in a federal prison.  The maternal grandmother has been providing safe and stable care.  She is willing to adopt them.  The best interest of the children requires a permanent home, which they have found with the maternal grandmother.  We see no reason to delay permanency further by applying this statutory exception to prevent termination.  We affirm the order of the juvenile court.

**AFFIRMED.**