# IN THE COURT OF APPEALS OF IOWA

No. 15-0293
Filed July 9, 2015

IN THE INTEREST OF T.H.,
     Minor Child,

**J.B., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Hamilton County, Paul B. Ahlers, District Associate Judge.

The father appeals from an order terminating his parental rights. **AFFIRMED.**

Justin J. Kroona of Kroona Law Office, Webster City, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Patrick Chambers, County Attorney, and Jon Beaty, Assistant County Attorney, for appellee.

Douglas E. Cook of Cook Law Office, Jewell, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and McDonald and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MCDONALD, J.**

Joshua appeals from an order terminating the parent-child relationship between himself and his son T.H. The district court terminated Joshua's parental rights pursuant to Iowa Code section 232.116(1)(f) (2013). Termination of parental rights is authorized pursuant to this section when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f). During the termination hearing and on appeal, Joshua concedes the State proved by clear and convincing evidence the statutory grounds authorizing termination of his parental rights. He contends, however, the district court should have provided him with an additional six months' time to pursue reunification efforts with the child pursuant to Iowa Code section 232.104(2)(b). Joshua also contends the termination of his parental rights is not in the child's best interest.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We will uphold an order terminating parental rights only if there is clear and convincing evidence establishing the statutory grounds for termination of the parent's rights. *See In re*

*C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See id.*

Because Joshua concedes the State proved the statutory grounds for termination of his parental rights, we bypass any further discussion of the issue and directly address Joshua's contention he should have been afforded more time to pursue reunification efforts. To defer permanency for six months, the juvenile court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). On de novo review, we conclude an additional six months' time would not rectify the conditions leading to removal.

Joshua has been largely absent from T.H.'s life due to Joshua's criminal activity and substance use. The child was born in 2008. Prior to the child's birth, Joshua was convicted of a felony controlled substances offense. He was afforded the opportunity to remain in the community on probation. The probation was revoked and Joshua was imprisoned in 2008 after he violated probation by using illegal substances. In 2009, Joshua was paroled for a short period of time, but his parole was revoked for the use of illegal substances while on parole.

Joshua was released from prison in March 2012 and commenced contact with the child at issue. At the time Joshua was released from prison, the family already was involved in a pending child-in-need-of-assistance (CINA) proceeding

due to the risk of harm to T.H. arising out of the mother's mental health conditions and substance abuse. Upon being released from prison Joshua maintained his sobriety and demonstrated that he could safely parent T.H. Ultimately, custody of T.H. was given to Joshua, and the CINA proceeding was closed in the summer of 2013.

Almost immediately after the CINA proceeding was closed, Joshua resumed using marijuana and methamphetamine. In late 2013 or early 2014, the Iowa Department of Human Services began investigating the father after receiving reports the father was trafficking methamphetamine. During the course of the investigation, the DHS learned Joshua was using controlled substances. T.H. was removed from Joshua's care after the child tested positive for methamphetamine in January 2014, which gave rise to this proceeding. The father admits that he has used marijuana and methamphetamine on a regular basis since August 2013. During the course of this proceeding, Joshua was discharged unsuccessfully from intensive outpatient substance abuse treatment. Joshua then refused inpatient treatment and otherwise failed to make any effort to address his substance abuse, offering up a variety of weak excuses for failing to do so. He admitted during the termination hearing that he used methamphetamine only two weeks prior to the hearing. It should be noted, however, the juvenile court made explicit findings that Joshua appeared to be under the immediate influence of illegal substances during the hearing, citing Joshua's erratic behavior, including falling asleep at counsel table during the hearing.

Although past conduct is not determinative of future conduct, it is probative. *See In re K.F.*, No. 14–0892, 2014 WL 4635463, at *4 (Iowa Ct. App. Sep. 17, 2014) ("What's past is prologue."); *see also In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting a parent's past conduct is instructive in determining future behavior); *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) (concluding a parent's past behavior is indicative of the quality of care the parent is capable of providing in the future). Here, the father has a history of criminal behavior and substance abuse. While the father was able to remain sober for a period of time following his release from prison, he has also demonstrated that he is likely to relapse. Joshua admitted during the termination hearing that he could not take care of T.H. or even have unsupervised visits with him at the time of the hearing. In short, there is nothing indicating Joshua could resolve his substance abuse issues and provide constant and reliable care for T.H. if granted additional time to work toward reunification. *See, e.g.*, *In re C.M.*, No. 14-1140, 2015 WL 408187, at *4-5 (Iowa Ct. App. Jan. 28, 2015) (affirming termination of parental rights where the parents sought more time but evidence established they were unlikely to resolve their substance abuse problems); *In re H.L.*, No. 14-0708, 2014 WL 3513262, at *4 (Iowa Ct. App. Jul. 16, 2014) (affirming termination of parental rights where the father had history of substance abuse and criminal conduct); *In re J.L.*, No. 02-1968, 2003 WL 21544226, at *3 (Iowa Ct. App. July 10, 2003) (concluding that relapse of parent despite offer of services supported termination of parental rights); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[I]n considering the impact of a drug addiction, "we must consider the treatment

history of the parent to gauge the likelihood that the parent will be in a position to parent the child in the foreseeable future."); *In re A.J.*, 553 N.W.2d 909, 915 (Iowa Ct. App. 1996) (concluding that lengthy history of repeated relapses and guarded prognosis for sobriety supported termination of parental rights), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

We also conclude the termination of Joshua's parental rights is in the child's best interest. *See* Iowa Code § 232.116(2) (requiring the court to consider the child's best interest in determining whether to terminate the parent-child relationship). As a general rule, when the statutory grounds for termination of parental rights have been proved, the termination of parental rights is in the best interests of the child. *See In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa 1992). Joshua has not identified any particular reason why the termination of his rights to T.H. would not be in the child's best interest. The child has been involved in assistance proceedings for years due to Joshua's conduct and the mother's conduct. We "cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41.

For the above-stated reasons, we affirm the judgment of the district court.

**AFFIRMED.**