# IN THE COURT OF APPEALS OF IOWA

No. 15-0949
Filed August 5, 2015

IN THE INTEREST OF A.H.,
    Minor Child,

C.H., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Tama County, Angeline M. Wilson,
District Associate Judge.


The mother appeals from an order terminating her parental rights in her
child. **AFFIRMED.**


Laura A. Eilers of Grimes, Buck, Schoell, Beach & Hitchins, Marshalltown,
for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd and Kristi
Traynor, Assistant Attorneys General, and Brent D. Heeren, County Attorney, for
appellee.

Ryan Tang of the Law Office of Ryan P. Tang, P.C., Cedar Rapids, for
father.

Melody Butz of Butz Law Offices, P.L.C., Cedar Point, attorney and
guardian ad litem for minor child.


Considered by Vaitheswaran, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

The mother appeals from an order terminating her parental rights in her child, A.H., pursuant to Iowa Code section 232.116(1)(d) and (h) (2015). The mother concedes there is clear and convincing evidence establishing the statutory grounds for termination of her rights. She contends termination of her rights is not in the child's best interests. *See* Iowa Code § 232.116(2). She also contends "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *Id.* § 232.116(3)(c).

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the mother's parental rights, and we adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

We are satisfied the State proved by clear and convincing evidence the grounds authorizing termination of the mother's parental rights and the termination of her parental rights is in the child's best interest. Specifically, the mother stipulated at the termination hearing that there was clear and convincing evidence establishing the grounds for termination. *See In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa 1992) (explaining, as a general rule, when the statutory grounds for termination of parental rights have been proved, termination of parental rights is in the best interest of the child). In addition, as the juvenile court found, the mother failed to address her substance-abuse problem despite the offer of

services and "has had no appreciable period of sobriety since this case began." The mother failed to appear for sixteen drug tests and has demonstrated an inability to remain sober and care for her child outside a supervised setting. *See, e.g., In re C.M.*, No. 14–1140, 2015 WL 408187, at *4–5 (Iowa Ct. App. Jan. 28, 2015) (affirming termination of parental rights where the parents sought more time but evidence established they were unlikely to resolve their substance abuse problems); *In re H.L.*, No. 14–0708, 2014 WL 3513262, at *4 (Iowa Ct. App. July 16, 2014) (affirming termination of parental rights where the father had history of substance abuse and criminal conduct); *In re J.L.*, No. 02–1968, 2003 WL 21544226, at *3 (Iowa Ct. App. July 10, 2003) (concluding that relapse of parent despite offer of services supported termination of parental rights); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood that the parent will be in a position to parent the child in the foreseeable future."); *In re A.J.*, 553 N.W.2d 909, 915 (Iowa Ct. App. 1996) (concluding that lengthy history of repeated relapses and guarded prognosis for sobriety supported termination of parental rights), *overruled on other grounds by P.L.*, 778 N.W.2d at 40. At the termination hearing, the mother conceded the child would not be able to be returned to her care at that time.

We also conclude the closeness of the parent-child relationship does not argue against termination of the mother's parental rights. This provision is permissive, not mandatory. *See In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). The court has discretion, based on the circumstances of each case, to apply the factors in section 232.116(3) to save the parent-child relationship.

*See A.M.*, 843 N.W.2d at 113. In exercising that discretion, our consideration is not merely whether there is a parent-child bond, "our consideration must center on whether the child would be disadvantaged by termination, and whether the disadvantage overcomes" the parent's inability to provide for the child's developing needs. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). As explained by the juvenile court, the child is only two years of age and has not been in the mother's care for much of her life—there is no significant bond to speak of. The child is in need of stability the mother admittedly cannot provide now or in the immediate future.

We affirm the order terminating the mother's parental rights without further opinion. *See* Iowa Ct. R. 21.26(1)(a)-(e).

**AFFIRMED.**