**IN THE COURT OF APPEALS OF IOWA**

No. 15-0395
Filed August 19, 2015

**IN THE INTEREST OF L.V.,**
    **Minor Child,**

**T.V., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Floyd County, Karen Kaufman Salic, District Associate Judge.

A mother appeals from the juvenile court order terminating her parental rights. **AFFIRMED.**

David A. Keuhner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Rachel A. Ginbey, County Attorney, for appellee.

Cynthia Schuknecht of Noah, Smith & Schuknecht, P.L.C., Charles City, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., Mullins, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MULLINS, J.**

A mother appeals from a juvenile court order terminating her parental rights to one child, L.V. The mother stipulated at trial that grounds existed under Iowa Code section 232.116(1)(f) (2015) to support termination of her rights. On appeal, she does not challenge that stipulation or the court's findings in relation to it. Instead, the mother contends a statutory exception existed under section 232.116(3)(c) to prevent termination.

The child was removed in 2013 and placed in a foster home that is pre-adoptive. The mother has a lower-than-average IQ and has struggled for years to maintain a safe home for the child, provide adequate supervision, and meet the child's special needs, which are extensive due to her own low IQ and various cognitive and developmental deficiencies. The district court found grounds to support termination of the mother's parental rights under section 232.116(1)(f), that termination was in the child's best interest, and that no exception to termination existed under section 232.116(3). The mother appeals.

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but are not bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Our primary consideration is the best interest of the child. *Id.* at 776.

The mother's appeal argument focuses on her complaint that the juvenile court changed the permanency goal of the case from guardianship to termination of parental rights even though all the parties previously had agreed on a

guardianship. The termination order specifically states that guardianship was not an issue in that hearing, only termination, but that "consideration of what the other possibilities could be for [L.V.] are important to determining what is in her best interest." The court considered the pros and cons of guardianship versus termination and the importance of reaching a final and permanent solution for the child. The court concluded termination and adoption is a more permanent solution. On our de novo review, we agree. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010) (best interests determinations under section 232.116(2) are reviewed de novo).

Section 232.116(3)(c) provides, "The court need not terminate the relationship between the parent and child if the court finds . . . [t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The statutory exception found in section 232.116(3)(c) requires proof by clear and convincing evidence to justify its application. *In re K.F.*, 437 N.W.2d 559, 564 (Iowa 1989). The factors in section 232.116(3) are permissive, not mandatory. *In re A.J.*, 553 N.W.2d 909, 916 (Iowa Ct. App. 1996). It is in the court's discretion, based upon the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section. *Id.*

The mother presents no argument, authority, or citations to the record to support the notion that termination would be detrimental to L.V. due to her bond with the mother. Nonetheless, on our de novo review, we find the exception does not apply. The social worker testified that because L.V. did not understand

the concept of termination of parental rights, she would be confused by a sudden cessation of contact with the mother, with whom she had some bond. She stated, however, reducing the contact between the mother and L.V. would not have a negative impact on L.V., except to the extent that it would confuse her. However, the foster parents intend to allow contact between L.V. and the mother so long as that is consistent with L.V.'s safety and well-being. On this record, there is little—certainly nothing approaching clear and convincing evidence—to demonstrate that a termination of the mother's parental rights would be detrimental to L.V. We conclude the exception does not apply and affirm termination of the mother's parental rights to L.V.

**AFFIRMED.**