**IN THE COURT OF APPEALS OF IOWA**

No. 16-0106
Filed April 6, 2016

**IN THE INTEREST OF A.C.-B.,**
**Minor Child,**

**G.B., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld,

District Associate Judge.

A father appeals from the order terminating his parental rights.

**AFFIRMED.**

Cynthia S. Finley, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang and Kathrine S.

Miller-Todd, Assistant Attorneys General, for appellee State.

Julie G. Trachta of the Linn County Advocate, Cedar Rapids, for minor

child.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

A father appeals the termination of his parental rights to his child, A.C.-B. (A.).[1]  The father consented to termination of his rights.  However, he contends that his consent to termination was not voluntary and intelligent due to a change in circumstances subsequent to the termination hearing.  Because we find the father failed to preserve error on the lack-of-consent claim, we affirm.

**I.  Background Facts & Proceedings.**

G.B. is the father of A., a minor child.  A. was removed from the care of her parents on January 26, 2015, after she tested positive by hair stat for ingestion of cocaine and marijuana.  As to the father, A. was adjudicated a child in need of assistance (CINA) on April 24, 2015.  A termination hearing was held on October 30, 2015.  At the time of the termination hearing, both parents consented to termination of their parental rights.  Counsel for the father stated:

> At this time . . . , it is my understanding the parents are willing to stipulate to the termination as stated in the petition.
> It's a very difficult decision for them, obviously, but they have—they believe that the [family members with whom the child is placed] are a good place for their daughter and it's in their daughter's best interests to have this matter settled rather than drag it out through a trial and, potentially, other issues, and they would like to see her settled in a permanent placement.

The following exchange then occurred between the court and the father:

> THE COURT: [G.B.], I have heard the statements of your attorney.  Are they correct?
> [G.B.]: Yes, Your Honor.
> THE COURT: Has anyone force you or coerced you to make this decision?
> [G.B.]: No.
> THE COURT: Is it a voluntary decision made in the best interests of your daughter?

---

[1] A.'s mother's parental rights were also terminated.  She does not appeal.

[G.B.]: Yes.

The juvenile court entered an order on December 31, 2015, terminating the father's parental rights pursuant to Iowa Code section 232.116(1)(a) and (h) (2015). The father now appeals.

## II. Standard of Review.

We review proceedings for termination of parental rights de novo. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). If there is clear and convincing evidence of grounds for termination, an order terminating parental rights will be upheld. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). The primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. Discussion.

The father admits that he was advised by counsel that after consenting to termination he would not have a right to continued contact with A. However, he claims that he believed he would be permitted continued contact because A. was placed with members of the mother's family. Because the father's relationship with the mother has deteriorated, he now believes that he will not be granted contact with A. The father contends that he would not have consented to termination had he known he would be denied contact, and therefore argues that his consent was not voluntary or intelligent.

We find that the father has failed to preserve his claim for our review on appeal. He raises the issue of lack of voluntary and intelligent consent for the first time on appeal. This is insufficient. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in

the trial court applies to CINA and termination of parental rights cases."). Error is not preserved on this issue, as the father asserts in his petition on appeal, by filing a timely notice of appeal. *See In re K.W.*, No. 15-0790, 2015 WL 4642786, at *1 (Iowa Ct. App. Aug. 5, 2015); *see also* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice,* 55 Drake L. Rev. 39, 48 (2006) ("While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." (footnote omitted)).

The proper method to preserve error is to file a motion for new trial under Iowa Rule of Civil Procedure 1.1004(7), *In re D.R.*, No. 07-1125, 2007 WL 2492457, at *2 (Iowa Ct. App. Sept. 6, 2007), or to file a petition pursuant to rule 1.1013. However, we do not intimate the success or lack of success of such a motion or petition.

Because error was not preserved on the issue of voluntary consent, we affirm the order terminating the father's parental rights under section 232.116(1)(a). We need not discuss the remainder of the issues raised. *See In re A.J.*, 553 N.W.2d 909, 911 (Iowa Ct. App. 1996) ("[W]e only need to find grounds to terminate parental rights under one of the sections cited by the district court in order to affirm the district court's ruling.").

**AFFIRMED.**