**IN THE COURT OF APPEALS OF IOWA**

No. 16-0704
Filed June 15, 2016

**IN THE INTEREST OF M.D. AND E.F.,**
**Minor children,**

**S.F., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Marion County, Steven W. Guiter, District Associate Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Dawn M. Bowman of Bowman Law Office, Pleasantville, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Charles E. Isaacson of Charles Isaacson Law, P.C., Des Moines, for minor children.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

The mother appeals from the orders terminating her parental rights in her children M.D. and E.F. pursuant to Iowa Code section 232.116(1)(h) (2015) (authorizing the termination of parental rights, as relevant here, where "the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time"). On appeal, the mother contends the State failed to prove the ground for termination by clear and convincing evidence. The standard of review and controlling framework are well-established and need not be repeated herein. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016) (stating review is de novo and setting forth the applicable "three-step inquiry"); *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The family came to the attention of the Iowa Department of Human Services in June 2014 after the father physically abused M.D. and threatened to cut then-unborn E.F. out of the mother's stomach. The family agreed to the voluntary receipt of services. The parents minimally engaged in services from June 2014 through February 2015. The children were removed from the parents' care in February 2015 after the father physically abused the mother and the mother overdosed resulting in hospitalization. The children were placed with the paternal grandmother. The children are thriving in the grandmother's care.

On de novo review, we conclude there is clear and convincing evidence establishing the ground authorizing termination of the mother's parental rights. During the pendency of this case, the mother did not demonstrate any meaningful progress in addressing the issues precipitating removal and did not demonstrate the ability to care for the children if returned to her care. The

mother engaged in criminal conduct during the pendency of the case, pleading guilty to theft in the third degree in February 2016. The mother completed substance abuse treatment but then relapsed, admittedly using alcohol and marijuana. *See, e.g.*, *In re C.M.*, No. 14-1140, 2015 WL 408187, at *4–5 (Iowa Ct. App. Jan. 28, 2015) (affirming termination of parental rights where the parents sought more time but evidence established they were unlikely to resolve their substance abuse problems); *In re H.L.*, No. 14-0708, 2014 WL 3513262, at *4 (Iowa Ct. App. Jul. 16, 2014) (affirming termination of parental rights where the father had history of substance abuse); *In re C.L.*, No. 11-0178, 2011 WL 1781910, at *2 (Iowa Ct. App. May 11, 2011) (holding juvenile court "properly declined to defer permanency" where the father "was not following through with substance abuse treatment or mental health services"); *In re J.L.*, No. 02-1968, 2003 WL 21544226, at *3 (Iowa Ct. App. July 10, 2003) (concluding that relapse of parent despite offer of services supported termination of parental rights); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future."); *In re A.J.*, 553 N.W.2d 909, 915 (Iowa Ct. App. 1996) (concluding that lengthy history of repeated relapses and guarded prognosis for sobriety supported termination of parental rights), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). The mother's compliance with mental health treatment was sporadic at best. For example, she ceased her treatment from September 2015 to February 2016, which was immediately prior to the termination hearing and around the same time she was placed on probation for

the theft offense. She lacked stable housing over the life of the case, living with several relatives and in a homeless shelter. At the time of the termination hearing, she was underemployed, working only six to eleven hours per week. The mother never progressed past supervised visitation with the children. The termination report showed the mother lacked basic parenting skills, including the ability to feed the children and dress them appropriately. Because of their young age, the children were unable to self-care and self-protect.

"What's past is prologue." *In re K.F.*, No. 14-0892, 2014 WL 4635463, at *4 (Iowa Ct. App. Sept. 17, 2014); *see also In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting a parent's past conduct is instructive in determining future behavior); *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) (concluding a parent's past behavior is indicative of the quality of care the parent is capable of providing in the future). Two department workers testified at the termination hearing that the mother would not be able to provide care for both children if returned to her. Specifically, the mother was unable to understand and meet the children's needs and was unable to adequately supervise the children. The guardian ad litem recommended the termination of the mother's rights. We conclude the State established by clear and convincing evidence the mother could not have the children returned to her care at the time of the termination hearing or within six months of the termination hearing even if permanency had been deferred.

**AFFIRMED.**