**IN THE COURT OF APPEALS OF IOWA**

No. 16-0685
Filed July 27, 2016

**IN THE INTEREST OF I.M. AND J.S. III,**
**Minor children,**

**R.A., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan Flaherty, Associate Juvenile Judge.

Mother appeals the order terminating her parental rights pursuant to Iowa Code chapter 232 (2015). **AFFIRMED.**

Robert W. Davison, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

John G. Daufeldt of Daufeldt Law Firm, P.L.C., Conroy, for minor children.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Regina appeals from the order terminating her parental rights to her two children, I.M. (born 2009) and J.S. (born 2012). The juvenile court terminated her parental rights in the children pursuant to Iowa Code section 232.116(1)(f) (2015) as to I.M. and pursuant to section 232.116(1)(h) as to J.S. Regina contends the State failed to prove by clear and convincing evidence the statutory grounds authorizing termination of her parental rights. She also contends termination of her parental rights is not in the children's best interests.

The standard of review and controlling framework are well-established and need not be repeated herein. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016) (stating review is de novo and setting forth the applicable "three-step analysis"); *In re A.M.*, 843 N.W.2d 100, 110-13 (Iowa 2014) (same). We conclude the State established by clear and convincing evidence the mother could not have the children returned to her care at the time of the termination hearing and termination is in the best interests of the children.

Regina has history with the Iowa Department of Human Services ("IDHS"). In 2010, the family came to the attention of IDHS after law enforcement officers executed a search warrant at her residence and found marijuana and drug paraphernalia in the home. The department issued a founded report of denial of critical care with respect to I.M. Regina received services in 2010, and the case was closed. The family came to the attention of IDHS again in 2014 after Regina was charged with possession of methamphetamine, marijuana, and paraphernalia. Regina acknowledged to IDHS that she was using and selling methamphetamine and marijuana, that she was using and selling

methamphetamine and marijuana in the family residence, and that she had the children in her care while under the influence of methamphetamine and marijuana. IDHS removed the children from her care and placed the children with J.S.'s paternal grandparents. At the time of removal, J.S. tested positive for methamphetamine.

Over the life of this case, Regina has not addressed the issues giving rise to removal. She continued in her relationship with a physically abusive paramour and was dishonest with her service providers regarding the relationship. Regina finally admitted to her service providers that she had recommenced the relationship with the abusive paramour after she was forced to report she was pregnant with the paramour's child. At least one instance of physical abuse occurred in front of the children. The paramour had not completed batterer's education classes or anger management classes at the time of the termination hearing. A child cannot be returned to the care of the mother where her abusive paramour presents a risk of harm to the children. *See, e.g.*, *In re K.P.*, No. 15-2078, 2016 WL 1703081, at *3 (Iowa Ct. App. Apr. 27, 2016) (affirming termination on ground child could not be returned to the mother's care at the time of the hearing where mother had surreptitiously recommenced romance with abusive paramour); *In re S.C.*, No. 15-0262, 2015 WL 2089743, at *2 (Iowa Ct. App. May 6, 2015) (affirming termination of rights where the mother failed to attend classes to address domestic violence and continued to maintain "regular, inappropriate, and harmful contact" with the abusive father); *In re J.F.*, No. 13-1956, 2014 WL 667789, at *2 (Iowa Ct. App. Feb. 19, 2014) (affirming termination of rights pursuant to paragraph (h) where the mother exposed the

child to domestic violence and unstable relationships); *In re D.H.*, No. 13-1693, 2014 WL 250256, at *2 (Iowa Ct. App. Jan. 23, 2014) (affirming termination of rights where mother was involved in violent relationships); *In re C.C.*, 538 N.W.2d 664, 667 (Iowa Ct. App. 1995) (affirming termination where the mother's relationship with abusive boyfriend created a risk of harm to the children).

In addition, the mother failed to address her substance use and abuse. Regina dodged required drug testing throughout the course of this proceeding, missing nineteen of twenty-two tests. She tested positive for methamphetamine and marijuana in December 2015. She tested positive for methamphetamine in January 2016. Following the positive tests, Regina entered a residential facility for treatment but left against medical advice after one week. At the time of the termination hearing, she resided with her paramour and planned to continue that relationship. The paramour smokes marijuana on a regular basis at the family residence. Under the circumstances, the children could not be returned to her care at the time of the termination hearing. *See, e.g.*, *In re C.M.*, No. 14–1140, 2015 WL 408187, at *4-5 (Iowa Ct. App. Jan. 28, 2015) (affirming termination of parental rights where the parents sought more time but evidence established they were unlikely to resolve their substance abuse problems); *In re H.L.*, No. 14–0708, 2014 WL 3513262, at *3-4 (Iowa Ct. App. July 16, 2014) (affirming termination of parental rights where the father had history of substance abuse); *In re C.L.*, No. 11–0178, 2011 WL 1781910, at *2 (Iowa Ct. App. May 11, 2011) (holding juvenile court "properly declined to defer permanency" where the father "was not following through with substance abuse treatment or mental health services"); *In re J.L.*, No. 02–1968, 2003 WL 21544226, at *3 (Iowa Ct. App. July

10, 2003) (concluding that relapse of parent supported termination of parental rights); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future."); *In re A.J.*, 553 N.W.2d 909, 915 (Iowa Ct. App. 1996) (concluding that lengthy history of repeated relapses and guarded prognosis for sobriety supported termination of parental rights), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010)).

"The legislature has categorically determined the needs of a child are promoted by termination of parental rights if the grounds for termination of parental rights exist." *In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa Ct. App. 1992). There is no all-encompassing best interest standard that can resolve any particular case. The court must look at the particular facts and circumstances of each case. *See* Iowa Code § 232.116(2) (identifying relevant considerations); *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (stating the court must look to immediate and long-term interests). In this case, the children are doing well in the care of the paternal grandparents. The mother denies that continued cohabitation with her abusive paramour and drug use at the home presents a risk of harm to the children. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41.

**AFFIRMED.**