**IN THE COURT OF APPEALS OF IOWA**

No. 18-1251
Filed February 6, 2019

**IN THE INTEREST OF B.H. and JR.,**
**Minor Children,**

**J.H., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.


     A mother appeals the termination of her parental rights. **AFFIRMED.**


     Mary Baird Krafka of Krafka Law Office, Ottumwa, for appellant mother.

     Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

     Samuel K. Erhardt of Erhardt & Erhardt, Ottumwa, guardian ad litem for minor children.


     Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals the termination of her parental rights to B.H. and J.R., born in 2008 and 2009, respectively.[1] The mother maintains there is not clear and convincing evidence the children could not be returned to her care at the time of the termination hearing, termination is not in the children's best interests, and the district court erred in admitting hearsay evidence.

**I. Background Facts and Proceedings.**

This family first came to the attention of the Iowa Department of Human Services (DHS) in 2009 due to the mother's use of methamphetamine, concerns regarding her mental health, and domestic violence in the mother's romantic relationship. Both children were adjudicated in need of assistance (CINA) before DHS ultimately closed the case.

A second case was opened in July 2013, based upon the same issues. The children were again adjudicated CINA and removed from the mother's care for a period of time before DHS closed the second case in August 2015.

The present case was initiated only one month later—in September 2015—upon allegations the mother was seen leaving a known drug house. The mother was asked to provide a sample for drug testing, and the result showed the mother was again using methamphetamine. The mother participated in services, but off and on for the next two years—until September 2017—the mother either admitted to use of or tested positive for methamphetamine. During this period, the children returned to their mother's care for a short time, but they were removed—for the

---

[1] The parental rights of B.H.'s father were also terminated in this action. He does not appeal. The father of J.R. is deceased.

final time—in November 2016, after the mother relapsed again. The court terminated her parental rights in July 2018 after a termination hearing in May and June 2018.

It is undisputed the mother did not use methamphetamine from the time she entered inpatient substance-abuse treatment in mid-September 2017 through the first day of the termination hearing in mid-May 2018. Still DHS expressed concerns the mother was engaged in a romantic relationship with a man who continued to abuse drugs and had an open juvenile court case regarding his children. The mother was dishonest about the status of her relationship with the man, telling DHS the two had ended their relationship and then changing the date the relationship ended after being confronted with evidence they continued to see each other. Additionally, the family's social worker was sent a series of messages the mother and paramour had sent to each other, which established that the mother— even if not personally using methamphetamine—continued to associate with individuals who were and was at least considering buying the drug for others.

The second day of the termination hearing took place in mid-June 2018. The social worker testified the mother had missed her last three scheduled therapy appointments—attending most recently in late March or early April 2018. Additionally, the family's service provider testified he had a parenting class with the mother a few days before and noticed her pupils looked enlarged. The only other time the provider had noticed this occurring was when he saw the mother in September 2015 and made the report that ultimately caused this third case to be opened—after which the mother tested positive for methamphetamine. The service provider informed the social worker of his suspicion the mother was under

the influence, and the social worker asked the mother to provide a sample for drug testing later that day when the mother attended family treatment court. She did not test. At trial, the mother testified she was unable to provide a urine sample at the time she was asked and did not want to wait until she was able, as she had a visit with the children scheduled later that afternoon. The mother tested the next morning, and the test was negative for all substances.

The juvenile court terminated the mother's parental rights to both B.H. and J.R. pursuant to Iowa Code section 232.116(1)(f) (2018). The mother appeals.

## II. Standard of Review.

"We review termination proceedings de novo." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). "The grounds for termination must be proven by clear and convincing evidence." *Id.*

## III. Discussion.

First, the mother argues the juvenile court improperly admitted and relied upon hearsay evidence in allowing the screenshots of messages between her and the paramour to be admitted into evidence. But evidence that would be excluded as hearsay in other proceedings is admissible in termination proceedings. *See* Iowa Code § 232.96(6) ( "A . . . record, or other writing . . . made by [DHS] . . . relating to a child in a proceeding under this division is admissible notwithstanding any objection to hearsay statements contained in it provided it is relevant and material and provided its probative value substantially outweighs the danger of unfair prejudice to the child's parent . . . . The circumstances of the making of the . . . record or other writing . . . , including the maker's lack of personal knowledge, may be proved to affect its weight."); *see also In re E.J.R.*, 400 N.W.2d 531, 532–

33 (Iowa 1987) (concluding that admitting hearsay evidence in juvenile proceedings "is consistent with the equitable nature of juvenile proceedings which are designed to retain the advantages for informality while providing safeguards to guarantee each parties' fundamental right to a fair hearing"); *In re A.J.*, 553 N.W.2d 909, 916 (Iowa Ct. App. 1996) (providing "reports and information relied upon by the social worker in carrying out her duties and in testifying at the termination hearing . . . have previously been held to be admissible over hearsay objections"), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). The juvenile court properly admitted the exhibit containing the messages between the mother and her paramour, and we consider the evidence as part of the record in conducting our de novo review.

The juvenile court terminated the mother's parental rights pursuant to section 232.116(1)(f), which allows the court to terminate a parent's rights when it finds each of the following by clear and convincing evidence:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother only challenges the fourth element—whether the children could be returned to her care at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing").

While the mother accomplished many of the objectives set by DHS, including having a home, employment, and several months of sobriety, we are persuaded by the social worker's testimony the mother is at a high risk of relapsing on methamphetamine and exposing the children to greater harm. As the juvenile court noted in its termination order:

> Perhaps as telling as any single piece of evidence is [the mother's] statement that the only thing keeping her case open was the impression she was still in a relationship with [her paramour]. There was no recognition of her history of repeated relapse, her failure to attend to her mental health, and the desperate need her boys have for achieving permanency.

We acknowledge sobriety is an ongoing struggle and it is not uncommon for people with a history of substance abuse to have setbacks, but the mother's continued interaction with a known drug user—even if he is no longer her romantic partner—and her willingness to purchase drugs for others convinces us the children would be exposed to an appreciable risk of adjudicatory harm if returned to her care. *See In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) ("[A] child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." (alteration in original) (citation omitted)). The mother seems to suggest that because of her history of addiction and relapsing, she is unfairly being held to a higher standard regarding what she must do or show to establish she is sober and able to resume care of her children. But we cannot consider the mother's recent actions in a vacuum; past conduct, while not determinative of the future, is probative. *See In re N.B.*, No. 15-2080, 2016 WL 899395, at *3 (Iowa Ct. App. Mar. 9, 2016). The mother's long history of

methamphetamine use and multiple instances of relapse is not insignificant. *See In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future."). Moreover, at the time of the termination hearing, the mother had an unresolved felony charge for forgery.

Next, the mother maintains termination is not in the children's best interests. In considering the children's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). It is undisputed the children love, are bonded to, and would like to be able to live with their mother. But it is also undisputed that these children have been involved with DHS off and on throughout most of their lives. Both children have been adjudicated CINA three times. B.H., who was nine at the time of the termination hearing, spent two years and three months of his life outside of his mother's care; he had nine court-ordered placements, not including a number of short-term placements. Eight-year-old J.H. spent almost two years outside of his mother's care, with seven different court-ordered placements and a number of short-term placements. Their education and health suffered due to the instability in their lives. The social worker testified both children were in need of a permanent, stable home and were well settled in their current placements.[2] We do not discount the children's desire to live with their

---

[2] The children were residing in separate placements at the time of the termination hearing, but they continued to spend time with each other even outside of scheduled visits. The

mother, but approximately five years into near-constant services, the mother is not yet able to provide stability for them. Termination is in their best interests.

We affirm the termination of the mother's parental rights to both children.[3]

**AFFIRMED.**

---

social worker testified it was possible one of the placements would be able to provide permanency for both children.

[3] The mother does not argue an exception weighing against termination applies, so we do not consider section 232.116(3). *See In re A.S.*, 906 N.W.2d 467, 475–76 (2018) (requiring the parent to establish an exception to termination applies).